UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PRESCOTT, | Case No. 22-cv-05798-VC |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| RITE AID CORPORATION, | Re: Dkt. No. 22 |
| Defendant. | |

Rite Aid sells adhesive lidocaine patches for localized pain relief. (Lidocaine is a local anesthetic.) Rite Aid calls these patches "Maximum Strength Pain Relief Lidocaine Patches." Just below the name of the product, the labels state that they provide "4% lidocaine." Steven Prescott alleges that the patches are misleading because they are not truly "maximum strength"—a consumer could get a prescription from their doctor for a 5% patch. Relying on that theory, Prescott brings claims under California's Unfair Competition Law, False Advertising Law, and Consumers Legal Remedies Act, as well as claims for common law fraud and unjust enrichment.

To prevail on his claims under California's consumer protection statutes, Prescott must show that a reasonable consumer is "likely to be misled" by the "maximum strength" statement. *Moore v. Trader Joe's Co*., 4 F.4th 874, 881 (9th Cir. 2021).[1] "The reasonable consumer

---

[1] Prescott has standing to assert claims based on the products he did not purchase because the labels are "substantially similar" to those of the products he did purchase. *Miller v. Ghirardelli Chocolate Co*., 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012). He has adequately alleged standing to seek equitable relief as a general matter, *Elgindy v. AGA Service Co*., No. 20-CV-06304-JST,

standard requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). The standard is not met by "a mere possibility that [the] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Id.*

"Whether a business practice is deceptive will usually be a question of fact not appropriate for decision" on a motion to dismiss. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). But, in some circumstances, a plaintiff's theory is so implausible that dismissal is appropriate. In *Becerra v. Dr Pepper/Seven Up, Inc.*, for instance, the plaintiff alleged that the word "diet" in "Diet Dr Pepper" misled consumers "by promising that the product would 'assist in weight loss' or at least 'not cause weight gain.'" 945 F.3d 1225, 1227 (9th Cir. 2019). The district court dismissed the claims, and the Ninth Circuit affirmed. The Court observed that diet drinks are "common in the marketplace," and there is a "prevalent understanding" of the term. *Id.* at 1230. "In context, the use of 'diet' in a soft drink's brand name is understood as a relative claim about the calorie content of that soft drink compared to the same brand's 'regular' (full-caloric) option." *Id.* at 1229. Given that understanding, "no reasonable consumer would assume that Diet Dr Pepper's use of the term 'diet' promises weight loss or management." *Id.* Other courts have rejected a number of similarly implausible claims. *See, e.g.*, *Gitson v. Trader Joe's Co.*, No. 13-CV-01333-VC, 2015 WL 9121232, at *1 (N.D. Cal. Dec. 1, 2015) ("The reasonable consumer (indeed, even the least sophisticated consumer) does not think soymilk comes from a cow."); *see also Ebner*, 838 F.3d at 965–96; *Moore*, 4 F.4th at 883–85.

This is one of those cases. A reasonable consumer understands that over-the-counter products differ from products that are available with a prescription. In the context of the

---

2021 WL 1176535, at *15 (N.D. Cal. Mar. 29, 2021), but it is not necessary to reach the question of whether he has standing to seek injunctive relief in particular.

transaction here—buying a pain-relief patch at a drug store—a reasonable consumer would not understand the phrase "maximum strength" to mean the highest dose that money can buy. Reading the label, a reasonable consumer would understand the patches to contain the "maximum strength" dose available at the drug store, and they would contemplate the possibility that a stronger dose might be available from their doctor. Prescott has not plausibly alleged that a "significant portion" of the public would be misled by Rite Aid's labels, and so his claims under California's consumer protection statutes are dismissed.

It is true that nearly identical claims have been allowed to proceed in three other cases. *See Scilex Pharmaceuticals Inc. v. Sanofi-Aventis U.S. LLC*, 552 F. Supp. 3d 901, 920 (N.D. Cal. 2021); *Hrapoff v. Hisamitsu Am., Inc.*, No. 21-CV-01943-JST, 2022 WL 2168076, at *2 (N.D. Cal. June 16, 2022); *Stevens v. Walgreen Co.*, No. 21-CV-10603 (JPO), 2022 WL 3681279, at *5 (S.D.N.Y. Aug. 24, 2022). The first of those cases, *Scilex*, is at least partially distinguishable because the defendants there drew a direct comparison between their products and those available with a prescription: one social media post said the "4% of lidocaine found in [the defendant's] patches is close to the 5% lidocaine patch you would get with a prescription…The only change [the defendant] made was to improve the price." *Scilex*, 552 F. Supp. 3d at 912 (quotations omitted). It is plausible that statements like that could be misleading—and that they could render the "maximum strength" statements misleading as well.

But *Scilex* and the cases that followed did not limit their holdings to circumstances involving that kind of direct comparison. Instead, those courts broadly held that whether prescription-strength products are the "proper comparators" for over-the-counter products is a "fact-intensive dispute[]…not appropriate for resolution" on a motion to dismiss. *Stevens*, 2022 WL 3681279, at *5. This Court respectfully disagrees. Unless an over-the-counter drugmaker draws a direct comparison between its products and those available with a prescription, statements like "maximum strength" are generally understood as comparisons to other over-the-

counter products.[2]

Dismissal is with leave to amend to the extent that Prescott can, in good faith, add allegations that Rite Aid invoked prescription products when making statements about its over-the-counter patches. Any amended complaint is due within 14 days of this order; otherwise, dismissal will be with prejudice.

**IT IS SO ORDERED.**

Dated: April 3, 2023

VINCE CHHABRIA
United States District Judge

---

[2] For the same reason, Prescott has not plausibly alleged fraud. And because his other claims have been dismissed, his unjust enrichment claim is dismissed as well. *See Choi v. Kimberly-Clark Worldwide, Inc.*, No. SA CV 19-0468-DOC (ADSX), 2019 WL 4894120, at *12–13 (C.D. Cal. Aug. 28, 2019).